In the matter of the EAGLE IRON WORKS.

Where there is an order of the court referring it to a master to report a proper person *to be appointed* a receiver of the property of a defendant, or of a corporation, or the committee of a lunatic, &c. and to approve of the sureties to be given by such receiver or committee, the appointment is not complete until it is confirmed by the special order of the court.

But where the master is directed *to appoint* a receiver and take from him the requisite security, no order for the confirmation of the appointment is necessary; and the receiver upon filing the master's report of his appointment, and the bond taken by such master, may immediately enter upon the duties of his office.

Where the master appoints a receiver, if either party is dissatisfied with the appointment, the proper course is, to make a special application to the court for an order that the master review his decision. But the court will not set aside the appointment made by the master, unless the person selected by him is legally disqualified; or his situation is such as to induce a belief that the interests of the parties will not be properly attended to by him.

Upon a voluntary dissolution of a corporation, any of its officers or stockholders may be appointed receivers, if not otherwise disqualified.

THIS was an appeal from an order of the vice chancellor May 19. of the first circuit, confirming the master's report of the appointment of receivers of the Eagle Iron Works, upon a voluntary dissolution of that corporation. It appeared from the petition, for the dissolution of the company, that the corporation was insolvent. Upon the reference to the master to appoint a receiver, or receivers, some of the creditors nominated N. Waterbury, the late president, and S. Leeck, the book-keeper of the company, for such receivers; and the appellants, who claimed to be a majority of the creditors, nominated J. H. Cornell. The master, after hearing the proofs of the respective parties, approved of the two first as receivers; and took from them the requisite security, which was filed with his report of the appointment. The creditors who had nominated Cornell, thereupon filed exceptions to the report; which exceptions were overruled by the vice chancellor, and the report of the master was

confirmed. From that decision the creditors last mentioned appealed.    –

*G. W. Morris*, for the appellants.

*Nye Hall*, for the respondents.

THE CHANCELLOR. The solicitor for the appellants mistook the practice of the court, in supposing that it was proper to file exceptions to the master's report of his appointment of the receivers. Where it is referred to a master to report a proper person *to be appointed* a receiver of the property of a defendant, or of a corporation, or the committee of an idiot or a lunatic, and to approve of sureties to be given by such receiver or committee, the appointment is not complete until it is confirmed by the special order of the court. But where the master is directed to *appoint* a receiver, and to take from him the requisite security, no order for the confirmation of the appointment is necessary. (*Bowersbank* v. *Collasseau*, 3 *Ves.* 164.) In such cases the master, after approving of the receiver and of the sureties to be given by him, takes the requisite bond and files it with his report of the appointment, stating that he has approved of the bond, and that is duly filed. And upon filing such report, the appointment of the receiver is complete, and he may immediately enter upon the duties of his office. (1 *Smith's Ch. Prac.* 490. 1 *Grant's Ch. Prac.* 264. 2 *Brown's Ch. Prac.* 838. *Edwards on Receiv.* 80.) If either party is dissatisfied with the appointment made by the master, the proper course is to present a petition to the court, upon due notice to all the other parties who have appeared and who are interested in the appointment, stating the grounds of objection to the receiver, and praying that the master may review his report. (1 *Smith's Ch. Prac.* 491. *Edwards on Receiv.* 81.) As the vice chancellor, however, appears to have affirmed the decision of the master without reference to the form in which the question was brought before him for his decision,

I shall proceed to examine the case upon its merits; for the purpose of seeing whether there was such manifest error in the appointment made by the master, as to render it proper to direct the master to review his report.

The court will not disturb the decision of the master, appointing a receiver, merely because it may think he might have made a better selection among the several candidates proposed. To induce the court to interfere, the applicants must either show that the person appointed by the master is legally disqualified, or that his situation is such as to induce a belief that the interests of the parties will not be properly attended to by him. ( *Wynne* v. *Lord Newborough*, 15 *Ves*. 383.) In the present case, although the corporation is insolvent, the creditors are not the only persons interested in the appointment of the receiver. It appears by the petition for the dissolution, that the company was organized under the general act of March, 1811, authorizing incorporations for manufacturing purposes. The seventh section of that act makes those who were stockholders at the time of the dissolution of the company individually liable for the debts of the corporation, to the extent of their stock, if the funds of the company should not be sufficient for the payment of its debts. Those stockholders, therefore, have a deep interest in having the concerns of the company closed up in such a manner as to relieve them from individual responsibility. And as the statute relative to voluntary dissolutions has authorized the appointment of officers or stockholders of the corporation, as well as other persons, as receivers, if they are not otherwise disqualified, I see no valid objection to the appointment of the president and book keeper to be the receivers in the present case.

I have not been able to find any thing in the papers before the vice chancellor showing that the insolvency of the company was occasioned by the fraud or mismanagement of either of these officers; or that either of them had assigned any of the property, under circumstances which would render it necessary or proper for the receiver to in-

stitute proceedings against these officers personally to recover back the value of the property. The judgments confessed by the attorney of the corporation being absolutely void as against the receivers, there is no difficulty in their instituting proceedings, against those creditors who have taken the property and caused it to be illegally sold, to recover back the value of the property. The principle adopted in the case of *The Attorney General* v. *The Bank of Columbia,* (3 *Paige's Rep.* 511,) might have been proper to be applied to this case if the proceedings had been instituted under the previous article of the revised statutes, as an adversary proceeding against the company and its officers. But it is not applicable to this proceeding, under the article relative to voluntary dissolutions, where the legislature has in express terms authorized the officers of the corparation to be appointed receivers.

The decision of the vice chancellor must therefore be affirmed, with costs.