WETTER *a.* SCHLIEPER.

*New York Common Pleas; Special Term, April,* 1854.

RECEIVER.—APPOINTMENT AND DISQUALIFICATIONS.—WAIVER.

The selection and appointment of a receiver and taking of security from him is a proper matter for a reference, under the Code as it was under the former practice in chancery.

Relationship to a party to the action is not alone a sufficient ground for the removal of a receiver; at most, it is but a circumstance to be taken into consideration at the time of making the appointment.

A referee proceeded upon only two days' notice of hearing. *Held,* that the parties who had appeared on such notice, and asked and obtained an adjournment, had thereby waived the irregularity.

Motion to vacate proceedings for appointment of a receiver, to remove the receiver, and for an attachment against the plaintiff for contempt.

The facts are stated in the opinion.

*A. Mathews*, for the motion. ·

*A. F. Smith*, opposed.

HILTON, J.—This action was brought by the plaintiff as a partner of an insolvent firm, to have the copartnership dissolved, a receiver appointed to close up its affairs, an accounting ordered, and that a general assignment of the property of the firm made without his consent or concurrence, be declared void.

On a previous motion a reference was ordered to appoint a receiver, &c., and the injunction granted at the commencement of the action was continued against all the parties, restraining any interference with the partnership property until the further order of the court.*

The order of reference was made and bears date January 18th, 1858, on that day was delivered to the referee, and although it was subsequently amended, it should for all the purposes of this motion be considered as existing in full force on and from its date.

Under this order, upon notice to all the parties, and after they had appeared upon the reference, the referee proceeded and appointed a receiver, nominated by and on behalf of a large majority of the creditors of the firm, and security for the faithful performance of his duties as receiver has been given to the amount of $175,000, and the bond approved and filed.

The receiver has entered upon his duties by taking possession of the partnership assets, and proceeding to gather in the property and debts, which his duty requires him to protect and preserve.

The defendants upon this motion ask to have all the proceedings by which the receiver was appointed set aside and vacated, and his appointment declared void upon the ground of irregularity; because,

First, The receiver was appointed by a referee, and not by the court. Second, The notice of proceedings before the referee to appoint such receiver was illegal and insufficient.

The order of reference was in the usual form, and in strict accordance with the settled practice of the late Court of Chancery in like cases. By it, the referee, who is a substitute for the

---

* See the proceedings reported 6 *Ante,* 123.

former master, was directed to appoint a receiver, and take from him the necessary and usual security for the performance of his trust, and upon filing with the clerk such security approved by the referee, together with a report of the appointment, the receiver was declared to be vested with all his rights and powers according to law and the rules and practice of the court. (Bowersbaak a. Collasean, 3 *Ves.*, 164; *Chancery Rules*, 191; 1 *Barb. Ch. Prac.*, 669; 2 *Ib.*, 522; *In re* Eagle Iron Works, 8 *Paige*, 385.)

The former practice, in this respect, not being inconsistent with any of the provisions of the Code and present rules governing this court, has not been abrogated, but, on the contrary, continues in force, and may be said now to exist by express enactment. (*Code*, §§ 244, 469; *Rule* 89; 1 *Whit. Prac.*, 298; 2 *Ib.*, 434.)

Therefore, in an action like the present, which would be classed as an equity suit under our former system, it is the duty of this court to adhere to the rules and practice of the Court of Chancery in like cases, so far as is consistent with the present mode of proceeding.

The remaining objection rests upon certain facts, in respect to which the affidavits read on the argument are somewhat contradictory. But it sufficiently appears that the irregularity complained of in the proceedings of the referee, consisted in his proceeding with the reference upon a previous notice of two days to the defendants, instead of a notice of ten days, similar to that required upon a trial by the court. (*Code*, §§ 256, 272.)

This would, no doubt, be considered an irregularity, because of insufficiency of notice, which the court would feel bound to regard on an application to vacate the proceedings under it, had not the defendants waived any objection of this nature by appearing pursuant to the notice, and asking an adjournment of the reference; which the referee granted.

By their appearance they waived any such irregularity, and cannot now be permitted to object on this ground to the subsequent proceedings of the referee at the adjourned day. (Robinson a. Nash, 1 *Anst.*, 76; 1 *Strange*, 155; 10 *Modern*, 36; 1 *Barb. Ch. Prac.*, 589; Brund a. Wells, 3 *Madd. Ch.*, 434; Braher a. Van Cortland, 2 *Johns. Ch. R.*, 242; Hart a. Small, 4 *Paige*, 288; Parker a. Williams, 4 *Ib.*, 439; Nichols a. Nichols, 10 *Wend.*, 560.)

But it is insisted that if the receiver has been regularly appointed, yet he should be removed because of his partiality and bias in favor of the plaintiff.

It appears that he is a brother-in-law of the plaintiff, is every way qualified for the duties of his office, has given abundant security, and his appointment was requested in writing by a large majority of the creditors interested in the property intrusted to him.

Upon a question of this character, ordinarily, the court would not interfere with a decision of a referee, unless a case was presented, showing that the interests of the parties required it, or that the person appointed was legally disqualified. (Wyane *a.* Lord Newborough, 15 *Ves.*, 383; *In re* Eagle Iron Works, 8 *Paige*, 385.)

No particular instances of partiality or bias on the part of the referee are satisfactorily shown, but it is contended that as he is a brother-in-law of the plaintiff, it must be presumed that his conduct will not be unbiased or impartial, and therefore he should be removed.

To this it is a sufficient answer to say, that the proceedings of the receiver do not afford any ground for such a presumption, and therefore the court should not entertain it.

Relationship to a party to the action is not alone a sufficient ground for the removal of a receiver; at most, it is but a circumstance to be taken into consideration at the time of making the appointment.

The remaining question upon this motion is, whether the plaintiff has violated the existing injunction in such a manner as to warrant issuing an attachment against him for contempt.

This is only to be determined by a careful perusal of the voluminous affidavits read on the arguments, and it is sufficient to say that all the material averments upon this point in the moving papers are fully met or explained by the affidavits produced on the part of the plaintiff.

The motion to vacate the proceedings by which the referee was appointed, to remove the receiver, and for an order directing an attachment for contempt against the plaintiff, is denied.