WILLIAM LOTTIMER, ALFRED LARGE and others, *v.* GEORGE P. LORD, SAMUEL H. BROWN and ABIEL B. MARKS.

JOHN W. SCHULTEN and CHAUNCEY D. HURD *v.* GEORGE P. LORD and SAMUEL H. BROWN.

Ordinarily, and always as between the plaintiff and defendants, where an order of reference for the appointment of a receiver is made in a suit instituted by a creditor to obtain a distribution of the assets of a limited copartnership; the receiver, when the appointment becomes complete, takes title to the property by relation to the time of his appointment.

And where the order is to appoint, and not merely for a reference to select a person to be appointed; the completion of the appointment by the referee, and the filing of the proper security, will give the receiver title as of the date of the order.

Lottimer *v.* Lord.

But pending an appeal from such an order, and while it remains unexecuted, the court may suffer a plaintiff in another suit to proceed, obtain and complete an appointment of a receiver of the same property for the benefit of all who may be similarly entitled.

The preservation of the fund is the main if not sole object of the receivership.

A receiver is the officer of the court, and not, in any sense, of the party at whose instance he is appointed.

It is his duty to act, in all things, with a view to the equitable rights of all the parties interested.

He is entitled to counsel of his own, and should not follow the direction of the particular plaintiffs who have procured his appointment, or of their legal advisers.

In all cases of doubt, and especially of conflict of interest or claim, he should obtain the direction of the court.

The same receivership constituted in one suit, will be extended to the other, upon the proceedings for an appointment in the latter being perfected.

If, however, for any reason, the appointment in the one suit is completed while the order in the other is unexecuted, such appointment, if a suitable one, will not be revoked, but extended to both suits.

Such revocation will be made, however, where the appointment has been procured by any fraud or collusion.

Such fraud or collusion will not be presumed from the mere fact that the defendants, having unsuccessfully opposed the granting of the first order, and appealed therefrom, appear in court and make no resistance to the second order, and allow the appointment under the latter to be perfected in preference to the former, it being shown that the suit wherein the last order was made was first commenced, and that a motion for a receiver was delayed by reason of negotiations for settlement, which negotiations had terminated, and both suits being in fact hostile to the defendants.

The parties in the second suit, wherein an order of reference was first obtained, but which order is suspended by a stay of proceedings, should have notice of the bringing on of the motion in the first suit, and should have an opportunity to be heard on the reference, in the first suit, as to the receiver to be selected.

Where such notice was not given, the court ordered the reference in the first suit to be opened so far as to allow the plaintiffs in the second suit to be heard as to the fitness of the person appointed.

Whether an *ex parte* order of a judge at chambers, for a stay of proceedings until the decision of an appeal, is valid, although the effect of the order must be to create a stay for more than twenty days? *Dub.* (Code, § 401.)

Whether such an order can be sustained under §§ 348 and 349, giving a judge the power to direct the effect of an appeal? *Dub.*

Whether the appeals, mentioned in § 349, from orders made at special term, and by a single judge, are embraced in the language of § 348, conferring power to stay proceedings upon appeals? *Dub.*

THESE cases came before the court upon an order to show cause, obtained by the plaintiffs in the second suit. The matters in controversy, as presented upon the hearing, are distinctly stated in the opinion.

The plaintiffs in the first suit composed four mercantile firms, namely, Lottimer, Large & Co., Auffmordt, Hessenberg & Co., A. Iselin & Co., and August Wetter, and they, with their associates, held claims against the limited partnership of "Lord & Brown," amounting to about $30,000. The plaintiffs in the second suit constituted the house of Schulten & Hurd, and also represented demands to the extent of many thousands of dollars. The nominal assets of the copartnership were estimated at $188,811 94, from which a committee of creditors reported that $103,716 62 might be realized, wherewith to meet a confidential indebtedness of $21,274 95, and business debts amounting to $145,304 74, exclusive of notes for $17,000, held by the special partner against the firm.

*C. Bainbridge Smith* and *Ralph Lockwood*, for the plaintiffs in the second suit, cited *Rutter* v. *Tallis*, 5 Sand. S. C. R. 610; 10 Paige, 43; 2 id. 342; 7 id. 583; 6 id. 445; Rule of Ch. 193; Edwards' Rec'rs, 10, 18; 8 How. Pr. Rep. 49, 50; 5 id. 35; 2 Barb. S. C. R. 379; Code, § 244.

*Andrew Boardman*, for the defendant, Marks.

*John B. Stevens*, for the defendants, Lord & Brown.

*E. Delafield Smith*, for the plaintiffs in the first suit.

WOODRUFF, J.—It appears by the affidavits and papers before me on the motion in the above causes, that the plaintiffs in the suit first above named, Messrs. Lottimer and others, as creditors, commenced their suit on or about the 18th day of December last, against Lord & Brown, the general partners and Marks, the alleged special partner, in the firm of Lord

& Brown, praying for an injunction and receiver; and on or about the same day, gave notice of a motion for the appointment of such receiver.

That a friendly negotiation thereupon ensued, having for its object a compromise between the firm of Lord & Brown and its creditors, pending which the motion was not urged, but was suffered to rest, under some parol understanding between the counsel that the plaintiffs should not be prejudiced by the delay.

That on or about the 1st day of February last, the plaintiffs in the suit secondly above named, Messrs. Schulten and others, commenced their suit against the defendants, Lord & Brown, also praying for an injunction and receiver, and gave notice of a motion for the appointment of a receiver, which was made soon after; and on the 14th of February an order of the court was entered for the appointment of a receiver, and referring it to D. Marvin, Esq., to appoint a suitable person receiver, and take from him the requisite security, &c.; from which order an appeal was taken by the defendants to the general term, which appeal is now pending. (*a*)  And on the 16th of February an *ex parte* order was made by one of the judges at chambers, staying all proceedings under the order for a receiver until the decision of the appeal.

It further appears that another case against the defendants, Lord, Brown & Marks, had also before that time been commenced, in which the appointment of a receiver had been refused, but in which the opinion of the court upon the points in controversy in the motions in these cases was adverse to the defendants.

In this condition of the suit secondly above entitled, the counsel for all parties in the suit of Messrs. Lottimer and others appeared in court on the same 16th day of February, and the motion for a receiver in that suit was made, and was not further resisted by the defendants than by their not

---

(*a*) Afterwards and at the present term decided, the court sustaining the order. See *post.*—REP.

Lottimer v. Lord.

consenting thereto. The reason for such appearance without further formal notice of motion was the oral arrangement between the counsel before referred to, under which the counsel deemed it unfair to permit other creditors to obtain any advantage or preference over Lottimer and others, by reason of the delay caused by negotiations for a settlement. And the reason why the motion was not openly resisted and the motion argued was, that it had been fully discussed in the two other cases, and the decisions were so far adverse to the defendants, that a further argument in the last named suit would be useless; therefore, an order was made in the suit of Lottimer and others for the appointment of a receiver, and referring it to Philo T. Ruggles, Esq., to appoint a receiver, under which the parties proceeded with the reference forthwith; and on the 17th of February a receiver was selected and appointed by the referee; and Mr. James A. Hamilton being selected, gave the requisite security, and took possession of the property of the said firm.

The proceedings in all the suits, as appears by the affidavits, were hostile throughout, except that the delay on the part of Lottimer and others was yielded in the hope that a friendly settlement might be made between the defendants and all the creditors, and the waiver of formal notice of the renewal of the motion in the suit of Lottimer and others, and of like notice of the reference, was acquiesced in by reason of what the defendants' counsel regarded as his duty in fairness towards the counsel for the plaintiffs therein, to prevent any prejudice to the plaintiffs by reason of such delay.

I am satisfied that there was no other nor further collusion between the defendants and Messrs. Lottimer and others, nor between their respective counsel, and that no charge of fraud, or intent to defraud, can be imputed to any one in these proceedings.

It is nevertheless apparent, that the defendants, having thus far failed in their endeavor to resist the appointment of any receiver, for some reason prefer that the appointment should be made in the suit of Lottimer and others, which was

first commenced, and this preference appears sufficiently accounted for by the circumstance, that the delay before mentioned was acceded to, by which they had an opportunity to attempt a settlement with their creditors by compromise.

It should be added, that the suits are both founded on the insolvency of the firm of Lord & Brown, and seek the appropriation of the assets of that firm to the payment of all the creditors; and each is commenced on behalf of all creditors who may come in and contribute to the expenses of the suit; the difference being, mainly, that in the suit of Lottimer and others, Marks, the special partner, is made a party; and the charges are somewhat more comprehensive, and may lead to more ample relief than the complaint in the other suit.

Under these circumstances, a motion is now made by the plaintiffs, Messrs. Schulten and others, in which two things are sought, viz.:

To vacate the stay of proceedings, granted *ex parte* at chambers; and

To set aside the order under which Mr. Hamilton was appointed receiver, or if not set aside, that it be so modified that a person who may be appointed receiver on the reference directed to Mr. Mervin, in the suit of Messrs. Schulten and others, be also receiver in the suit of Messrs. Lottimer and others.

1st. It is insisted, that the order at chambers, by which the plaintiffs' proceedings were stayed until the determination of the defendants' appeal, was granted without authority. That section 401 of the Code forbids a stay of proceedings for a longer time than twenty days, by a judge out of court, except upon previous notice, and there was, therefore, no power to make such an order. That this section is not merely directory regarding the manner in which the power of a judge out of court shall be exercised, but that it reaches the power itself, and is to be construed as if it had provided in terms that no judge out of court shall have power to grant such an order.

I am strongly inclined to sustain this view of the construc-

tion of this section, and although it has been suggested that it does not apply to a temporary stay, granted for the purpose of a motion, and to like cases in which the matter contemplated may be disposed of within twenty days, and the stay thereupon cease, and that its application is, and should be confined to a stay of proceedings, which in terms extends beyond twenty days, it seems to me the more obvious signification of the clause in question, that no order shall be granted which will not cease by its own limitation, before or at the end of twenty days.    This is in general quite sufficient for all the purposes of an *ex parte* application to a judge, and if a further stay of proceedings is necessary, it gives the party time and opportunity to give notice to his adversary, and make his application accordingly.

But it is insisted that the stay of proceedings here sought to be vacated is nothing more than a declaration of the effect of an appeal, in pursuance of the 348th and 349th sections of the Code. That by those sections, a judge has the express power to direct whether an appeal shall stay the respondent's proceedings, and that this power is not limited or restrained by the section above referred to.    That the right of appeal is given, and if security is given, the appeal operates, of course, as a stay ; but does not so operate without security, unless the court or a judge thereof so orders.    That this language plainly imports that the judge shall have power to make such an order, and it is therefore impossible that the legislature, by section 401, did not intend to alter the effect of an appeal, or annex to its operation upon the adverse party any further limitation or qualification ; and especially, since an order declaring that an appeal shall stay proceedings is not within the letter of the 401st section, both these provisions should be so construed as to harmonize, and give the liberty to prescribe the effect of an appeal its most liberal interpretation.

This is quite plausible, and I have but two suggestions to make concerning its force: 1st, nothing in section 348 intimates that the order directing the effect of an appeal must

be *ex parte*, and if not, it has full effect consistently with the 401st section, by requiring the order, if made, to be made on notice; and, 2d, that it is by no means clear that the appeals mentioned in § 349 (of which the appeal in this case is one) are embraced in the provision contained in § 348 on the subject; and if not, then the motion to stay proceedings in cases of appeals, under the 349th section, depends upon the same rules as other motions.

The view which I have taken of the proper disposition of the present motion renders it unnecessary that I should decide the point thus urged. By the submission of the motion to the court, its discretion regarding the whole subject is properly invoked, and may be exercised over the whole subject embraced in the order to show cause, and the order to be made will therefore depend upon the decision of the other branch of the motion; and, on that subject,

2d. It is apparent, from the whole papers submitted, as well as from the argument of the counsel, that the whole contest is to determine upon whose motion and in which suit the receiver, who shall have the custody of the property of this insolvent firm, shall take his appointment. It is not denied that there should be but one receiver, nor that, whoever is appointed, he should be made the receiver in both suits. This is plainly necessary and proper, for the plaintiffs in each are entitled to proceed without the hazard of having the property fall into the hands of the defendants, by reason of the failure of one or the other of the plaintiffs to prosecute their suit successfully; and neither of the plaintiffs are bound to discontinue and come in under the other suit before a decree, and so incur the hazard of a failure to obtain a decree at all. (*Howell* v. *Ripley*, 10 Paige, 43 ; *Innes* v. *Lansings*, 7 id. 583.)

Had the motion been, that the receiver appointed be also made the receiver in the suit of Schulten and others, there would have been no contest; but the last named plaintiffs desire to vacate the appointment and proceed with their reference, and so drive Lottimer and others to seek, in their

Lottimer *v.* Lord.

turn, that the receiver appointed on such reference be made receiver in their suit also; and yet no objection whatever is suggested by the moving parties to the character, responsibility or competency of the receiver already appointed, except that he was not appointed upon their motion.

The views urged by the counsel for the Messrs. Schulten and others, in regard to the effect of an appointment of a receiver, under their order of reference, are undoubtedly correct, as between them and the defendants, Lord & Brown. As to them, the receiver thus appointed would, when the appointment became complete, take the title to the property, by relation to the time of his appointment. (*Wilson* v. *Allen*, 6 Barb. S. C. R. 543 ; *Rutter* v. *Tallis*, 5 Sandf. S. C. R. 610.) And when the order is to appoint, and not merely for a reference to select a person to be appointed, the completion of the appointment by the referee, and the giving of the proper security, will give him such title as of the date of the order. (Ib. and *in re Eagle Iron Works*, 8 Paige, 385.)

But it by no means follows that the court may not, pending an appeal from such an order, and while it remains unexecuted, suffer another plaintiff to proceed, and obtain and complete an appointment of a receiver of the same property, for the benefit of all who may be similarly entitled. Cases may often arise in which property is at hazard, in which such a course would be highly beneficial to both.

The preservation of the fund is the main, if not the sole object of the receivership ; and the idea suggested and somewhat pressed upon the court on the motion that the receiver was the receiver of the party, and was to act under his advice, or that of his counsel, is erroneous, and cannot be made the ground of any action by the court in the matter. The receiver is the officer of the court. It is his duty to act in all things, with a view to the equitable rights of all parties interested, and to dispose of the property under the orders of the court only ; and so far from its being his duty to act upon the advice of the particular plaintiffs who procured his appointment, or of their counsel, he is bound, in all cases of

doubt, and especially of conflict of interest or claim, to take the direction of the court, and he will be allowed, and should obtain counsel for himself.

In this view of his position, the whole question, whether he shall be appointed upon the motion of one plaintiff or another, each seeking to accomplish the same result, the preservation of the fund, and its ultimate distribution among the creditors, ceases to be of any importance.

Whenever the appointment of a receiver has been completed, whether in the suit first commenced or not, instead of appointing another receiver, the court would, undoubtedly, extend the receivership over the second suit. Such was the case in *Osborn et al.* v. *Hyer et al.* 2 Paige, 342; but it does not follow that if, for any reason, the appointment in the one suit is completed, while the order in the other is unexecuted, that such appointment must be revoked, when it is not shown that the appointment is not, in all respects, a suitable and proper one, and such as may, with entire propriety, be extended over both suits.

It is equally true that the court will revoke an appointment procured by fraud or collusion. Presumptively such an appointment endangers the rights of the other creditors; and when an appointment is so procured, the court would not even stop to inquire whether such fraud and collusion had resulted in the selection of a suitable person or not. An appointment so procured would be presumed an improper one. The fraud and collusion should, however, be something more than the abandonment of a fruitless resistance. In this case I am not satisfied that there is any bad faith on the part of the plaintiffs, Lottimer and others, or any reason to doubt the entire fairness of the appointment. Both plaintiffs have similar interests to protect, and neither are willing that their interests should be placed at any hazard by the acts of the others.

But I am quite satisfied, that if when Lottimer and others obtained their order, the attention of the court had been called to the fact, that a previous order of reference had been

Lottimer *v.* Lord.

made for a like purpose, on motion of Schulten and others, they would have deemed it proper to direct notice of such order to be given to Schulten and others, (although the defendants had appealed). They ought to be heard regarding such an appointment. Indeed, if they had gone on under their order and completed the appointment of a receiver under that order, although the reference was actually proceeded in after that in the suit of Messrs. Lottimer and others, I think that in a conflict between two receivers so appointed, the date of the orders of reference would have determined their priority. There is, however, now no occasion for any such conflict. The matter of the appointment and its revocation is, in the discretion of the court, to be exercised so as to secure the equitable rights of all in the protection of the fund, and its due distribution, not merely nor chiefly so that regard shall be paid to days and dates not affecting the equities of either.

In this view, it seems to me, that although no claim is made by Messrs. Schulten and others that the receiver now appointed is not suitable, competent and responsible, yet, as this motion is founded upon the supposed irregularity of the proceedings to appoint a receiver by Lottimer and others, while the earlier order obtained by them was unexecuted, an opportunity should be given them to be heard touching the receiver who shall been trusted with the administration of the property which the creditors are pursuing. The present receiver, Mr. Hamilton, is now in possession, and unless some cause is shown affecting his competency, responsibility, fairness or integrity, I do not think the interests of the creditors or debtors would be promoted by a change, nor should such change be directed, unless such reason exists, or unless the security already given is insufficient, and further security is not given.

I am therefore disposed, without at present disturbing the order which the plaintiffs, Schulten and others, seek to vacate, to direct that the plaintiffs may, if they please, take an order so far opening the reference as to permit them to be heard on

the subject, and that the referee inquire whether the receiver so appointed is a suitable person to be appointed receiver in both suits, and to hear and determine the objections of such last named plaintiffs to such receiver; and if the referee shall find that he is not a suitable person, then that he nominate to the court a suitable person to be appointed in the place of the said Hamilton; and in the mean time, I direct that all proceedings of both parties in the matter of such receivership (except the hearing of the appeal before referred to) be stayed. Costs of this motion fixed at ten dollars, to abide the event of the suit.

*Ordered,* that the reference in the suit of *Lottimer and others* v. *Lord and others,* be so far opened as to permit the plaintiffs, Schulten and others, to be heard touching the receivership, and that the referee inquire whether the receiver heretofore appointed is a suitable person to be appointed in both suits, and hear and determine the objections of such last named plaintiffs to such receiver; and if the referee shall find that he is not a suitable person, or if he shall find that further security is necessary, and such receiver shall decline to give such further security, then that the referee nominate a suitable person to be appointed in the place of such receiver, proceedings—except on the appeal— in the mean time stayed. Costs $10, of both parties, to abide the event of suit.

NOTE.—The appeal from the order of reference in the second suit having been affirmed, (see *post,*) and the reference in that suit having proceeded to the appointment of a receiver, those plaintiffs afterwards, in the ensuing May, substantially renewed the present motion. Their counsel presented the same and additional affidavits. The latter set up the affirmance above mentioned, the perfection of the appointment of a receiver in that suit, and alleged that the receiver in the first suit had never, in fact, assumed possession of the property. This latter allegation was denied.

The court, DALY, J., presiding, denied the last motion, on the ground that it was substantially a renewal of that already determined, and was not justified by any new facts; but took occasion to add, that "upon a full consideration of the grounds upon which the order was founded, the disposition of the matter made by WOODRUFF, J., was approved."

Order approved.