SHAINWALD, Assignee, etc., v. LEWIS.[*]

*(District Court, D. California. May 14, 1881.)*

1. RECEIVERS—REMOVAL.
> The relationship of a receiver to the complainant is not a sufficient ground for his removal, where the bankrupt admits that he was a party to a fraudulent transfer and concealment of his property.

2. SAME—COUNSEL.
> In such a case the receiver may employ the complainant's solicitor.

Opinion on Motion to Vacate Order Appointing Receiver.

HOFFMAN, D. J. By the decree of this court the respondent was adjudged to be indebted to the complainant, as assignee of the bankrupts, in a large sum of money, being the value of assets of the bankrupt firm, of which he had obtained possession, and which he had converted to his own use by means of a fraudulent conspiracy of the most flagrant character. Execution on this decree having been returned unsatisfied, the present bill, in the nature of a creditor's bill, was filed.

It alleged, in substance, that the respondent had made, and was about to make, fraudulent transfers of his property to evade the payment of the decree; that he had secreted and concealed the same; that he was about to confess judgment on pretended and fictitious debts; that he was about to leave the United States and to carry with him the proceeds of his property; and that he had openly declared that he had made such disposition of his property as would prevent the complainant from realizing anything from his decree. On this bill a receiver was appointed, and the respondent compelled to make a general assignment of his property. The receiver has since been actively engaged, under the advice and direction of the complainant's solicitor, in endeavoring to discover and obtain possession of property of the respondent, justly applicable to the payment of the decree. The receiver is the brother of the complainant, who himself represents creditors of the bankrupts who have been defrauded by the respondent and his co-conspirators.

A demurrer to the bill having been interposed and overruled, the solicitor of the respondent in open court declined to plead to or answer the bill, and it was thereupon decreed to be taken *pro confesso.* All the allegations contained in it in respect to the fraudulent transfers and concealment of his property by the respondent must be deemed to be true and undenied.

*See former reports of this case, 6 FED. REP. 753, 766.

It is now suggested by the counsel for respondent that in framing its final decree this court should order a reference to a master to report the name of a person to be appointed as receiver, and that the person so appointed should be directed not to employ as counsel or solicitor the solicitor for the complainant. The integrity and capacity of the receiver already appointed are not called in question, nor is the sufficiency of the bonds given by him. It is merely suggested that his relationship to the complainant renders him not indifferent between the parties, and that it is improper that he should be directed by the advice of the solicitor of one of them.

A receiver is in general defined to be "an indifferent person between the parties appointed by the court to receive and preserve the property or fund in litigation *pendente lite*, when it does not seem reasonable to the court that either party should hold it." High, Rec. § 1. Such are receivers in suits for dissolution of a partnership and many other cases. But the receiver in the present suit occupies an essentially different position, and has different functions to discharge. There is here no *lis pendens* as to a fund, the ownership of which is undetermined.

The court has finally decreed against the respondent for the payment of a large sum of money, which decree he has failed and refused to satisfy in whole or in part; it has, therefore, compelled him to make a general assignment to a receiver whom it has appointed, to the end that he may discover and obtain possession of the property of the respondent, which the latter admits he has fraudulently transferred, secreted, and disposed of with the object and intent of evading the payment of the decree. If successful in baffling the admitted fraudulent designs of the respondent, he can only be so by the exercise of the utmost energy and industry, and probably by considerable litigation. He is not, and ought not to be, indifferent between the parties. His duty requires him to be the active adversary of this fraudulent debtor and his accomplices. In the selection of a person to discharge these duties, the respondent, in the position he now occupies, should have no voice, any more than the criminal should have in the choice of a detective to ferret out and recover the fruits of his crime. A person, therefore, who, by relationship or other connection, may be supposed to feel in some degree the desire felt by the complainant to collect the sum decreed to be due, would seem, if otherwise unobjectionable, to be eminently fit to be appointed a receiver in a case like the present. For it is not to be forgotten that

the complainant is himself a trustee, suing for the benefit of the defrauded creditors of the bankrupts.

The same considerations apply with equal force to the choice of counsel by the receiver. In general, he ought not to employ the solicitor of either party. High, Rec. § 823; Edwards, Rec. 111; 8 Cal. 319.

But in this case the person who is of all the fittest to advise the receiver, and, if necessary, to stimulate his efforts, is the solicitor, who, with indefatigable industry and tenacity, has succeeded in exposing the fraudulent conspiracy which lies at the foundation of all these proceedings, and has obtained, after protracted litigation, the decree against the respondent. No other counsel could feel the same desire as he, that the decree should not prove a *brutum fulmen,* nor the same interest in baffling the confessed fraudulent machinations of the respondent to escape its payment.

To import new counsel into the case at this stage of it would occasion delay and large additional expense, which the receiver is not in funds to meet; and such counsel, being necessarily ignorant of its previous history and its very intricate details, would be unable to afford the advice and information to the receiver which the solicitor for the complainant can so readily furnish, and which are indispensably necessary to the receiver for the efficient discharge of his duties.

For these reasons I am of opinion that the receiver already appointed should not be removed, and that he should not be directed not to employ the solicitor for the complainant. See *Wetter* v. *Schlieper,* 7 Abb. Pr. 92; *Bank of Monroe* v. *Schermerhorn,* Clarke, Ch. 256; *Siney* v. *Stage Co.* 28 How. Pr. 481.