---

IN THE MATTER OF THE APPLICATION OF THE E. M. BOYNTON SAW AND FILE COMPANY, OF BROOKLYN, FOR VOLUNTARY DISSOLUTION.

*Voluntary dissolution of a corporation — Code of Civil Procedure, chap. 17, tit. 11 — a receiver cannot be appointed until the entry of the final order of dissolution — Code of Civil Procedure, sec. 2426 — the report of the referee must contain the statement required by it.*

In proceedings instituted under chapter 17 of title 11 of the Code of Civil Procedure, to procure the voluntary dissolution of a corporation, the power to appoint a receiver can only be exercised by the court upon granting the final order for the dissolution of the corporation; it has no power to appoint a temporary receiver of its property, or to enjoin the bringing of suits against it prior to the entry of that order.

The failure of a referee, before whom a hearing is had, as provided in section 2426 of the Code of Civil Procedure, to make in his report a statement of the effects, credits and other property, and of the debts and other engagements of the corporation, and of all other matters pertaining to its affairs, is fatal to the validity of the proceedings and renders an order dissolving the corporation, entered upon such defective report, void.

*Pyrolusite Manganese Company* (29 Hun, 429) followed.

APPEALS from an order made at a Special Term in this matter dissolving the above named corporation, appointing the temporary

receiver a permanent receiver of it, and denying a motion made by the City Bank, a creditor, and others for the removal of the temporary receiver

On the 27th October, 1883, a majority of the trustees of the E. M. Boynton Saw and File Company, verified a petition to the Supreme Court, under section 2419 of the Code, asking for its dissolution upon the ground that it was insolvent, and that such course was imperative, and beneficial to the interests of the stockholders. On the 29th October, 1883, this petition, together with an affidavit made by a majority of the trustees and certain stockholders of the corporation, was presented to the Special Term, and upon them Mr. Justice CULLEN issued two orders to show cause, one why the corporation should not be dissolved, returnable February 15, 1884, and the other why a receiver should not be appointed to preserve the property, pending a final order for its dissolution and a distribution of its assets. On the 2d November, 1883, an order was duly entered appointing Wallace P. Groom as such receiver to take, keep and preserve the property of the corporation, and this appointment was made upon the joint request of the trustees and a majority of the creditors, in amount. On the 5th November, 1883, the receiver's bond was duly approved and filed and he entered upon the discharge of his duties. Subsequent to this date the appellants herein, the City Bank, Charles E. Bishop and the Waterbury Manufacturing Company, obtained judgment against the corporation and issued execution to the sheriff. On the 15th February, 1884, the date at which the order to show cause was returnable at Special Term, the hearing was adjourned. The motion of the appellants to vacate the order appointing the temporary receiver was made April 24, 1884. On the 24th April, 1884, a reference was ordered to take proof of the matters alleged in the petition. On the 30th day of June, 1884, the decision of the Special Term was rendered and a final order entered dissolving the corporation and continuing the temporary, as permanent receiver, and also denying the motion to vacate the order appointing the temporary receiver.

*John B. Whiting,* for the National City Bank, appellant.

*Chas. E. Chase,* for Frederick W. Gade, a stockholder, appellant.

*Charles H. Luscomb,* for the petitioners, respondents.

BROWN, J.:

This is a purely statutory proceeding and the court had no power or authority to act, except as such power is conferred by the statute. The authority for the appointment of a receiver is given by section 2429 of the Code, and this can only be exercised upon granting the final order dissolving the corporation. There was no power in the court, therefore, to appoint a temporary receiver, and the order of November 2, 1883, was void. This view of the statute is in harmony with the decision of the courts. (*Matter of French Mfg. Co.*, 12 Hun, 488; *Chamberlain* v. *Rochester S. P. V. Co.*, 7 id., 557; *In re Open Board of Brokers*, 3 Monthly L. B., 57.) The statute does not give the court control over the corporate property until the decision is made upon return to the order to show cause. If such control had been given, there would doubtless be, as an incident to such control, authority to restrain creditors from suing the company and to prevent any interference by creditors with the corporate assets. (*Phœnix Foundry Co.* v. *N. R. Cons. Co.* [4th Dept.], 19 W. D., 439.) But in the case of *In re Waterbury Trustees of The Eagle Iron Works* (8 Paige, 380), the chancellor held that an injunction would not be granted in such a proceeding as the one we are considering and said : The statute "has not given to this court any control over the property until the coming in of the master's report and the dissolution of the corporation." He pointed out the difference between a proceeding for a voluntary dissolution of the corporation and proceedings against corporations in equity, and held that in the former case creditors who, by their diligence, obtained a lien upon the corporate property, could not be deprived of the preference they had acquired ; while in the latter case the court might interfere by injunction to restrain the creditors' proceedings. I think, therefore, the order appointing the temporary receiver was void and should have been vacated.

Another point is made by the appellant which, I think, is fatal to the proceedings. Upon the hearing upon the order to show cause, the court referred the matter to a referee " to take proof of the insolvency of the corporation, and all matters relating thereto." This the court had power to do, and the Code provides (§ 2426) that the report of the referee, or decision of the court, " *must* con-

tain a statement of the effects, credits and other property, and of the debts and other engagements of the corporation and of other matters pertaining to its affairs." The referee returned the testimony to the court, but made no report upon any of the matters mentioned in the statute, and there does not appear in the appeal papers to have been any decision of the court except that contained in the final order. This, however, makes no mention of the matters required by the statute.

In the case of the *Pyrolusite Manganese Company* (29 Hun, 429) for a voluntary dissolution, a similar defect was held to be fatal to the proceeding. The requirement of the Code was one of substance and not of form, and a failure to comply with it renders the final order void.

The order appealed from must, therefore, be reversed, with costs, and the proceedings remitted to the Special Term to proceed anew upon the referee's report in the manner required by the statute.

BARNARD, P. J., and DYKMAN, J., concurred.

Order dissolving corporation and order denying motion to vacate order appointing temporary receiver reversed, with costs, and proceedings remitted to Special Term to proceed anew on referee's report.