## J. C. TURNER LUMBER CO. et al. v. TOOMER.

(Circuit Court of Appeals, Fifth Circuit. October 18, 1921.)

No. 3750.

1. **Receivers ⊛⟷199—Final consent decree held to provide for attorney's fees.**

    Where original order appointing receiver authorized him to employ counsel, a final consent decree, expressly reserving the jurisdiction of the court to "ascertain, fix, and order payment of the costs of administration," *held* to include ascertainment, fixing, and payment of receiver's counsel fees.

2. **Attorney and client ⊛⟷20—Attorney for party may act as attorney for receiver.**

    Although generally attorneys for a party should not act as attorneys for a receiver without permission of the court, there is no rule that under no circumstances should an attorney for a party act as attorney for the receiver, for in some cases an attorney for one of the parties can give the most efficient service to a receiver without conflict of duty.

3. **Receivers ⊛⟷113—Order of court awarding compensation to receiver's counsel is an approval of counsel's employment.**

    Where the court could have authorized the employment of counsel for the receiver, he could approve such employment made under a general authority, and the court's order awarding compensation is such an approval.

4. **Receivers ⊛⟷199—Evidence not necessary in fixing receiver's counsel's compensation.**

    Where the record did not show that the court was not fully advised as to the services rendered by receiver's counsel and of their value, the introduction of evidence was not essential to a decree fixing such compensation.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit by Frank N. Snell and another against J. C. Turner Lumber Company and another, in which a receiver was appointed. 271 Fed. 696. From an allowance of attorney's fee to W. M. Toomer, the J. C. Turner Lumber Company and others appeal. Affirmed.

E. K. Wilcox, of Valdosta, Ga., and Samuel Silbiger, of Brooklyn, N. Y., for appellants.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This appeal assails a decree of the District Court awarding a fee of $750 to the appellee for professional services as an attorney for the receiver in the case of Frank N. Snell and Jay E. Rice v. J. C. Turner Lumber Company and Frank Snell Lumber Company, 271 Fed. 696. The appellants are said Lumber Company and the Council Lumber Company, the purchaser at the judicial sale of the assets of said Frank Snell Lumber Company. The original suit was filed in the superior court of Clinch county, Ga., which appointed a receiver. It was subsequently removed into the United States District Court for the Southern District of Georgia. The order of appointment provided that—

"For his assistance in the discharge of his duties as receiver, the said receiver is authorized to employ and retain such agents, servants, and attorneys as he may deem necessary."

The receiver employed as his attorneys W. M. Toomer and W. T. Dickerson, who represented the plaintiffs in filing the original petition in said case. In the final consent decree, finding certain debts and ordering a sale of the property of the Frank Snell Lumber Company, it is provided:

"That the court hereby retains jurisdiction over this cause for further direction of the receiver, action upon any sale as herein provided, and the ascertainment and fixing and payment of costs of administration, and any other matter essential or material to the administration of said properties."

Said sale was made and the property realized $390,958. The receiver filed his report of such sale, and therein prayed that his compensation and that of his attorneys, W. M. Toomer and W. T. Dickerson, be fixed and paid.

On the filing of said report, the purchaser, Council Lumber Company, moved the confirmation of said sale, which was ordered. Said order provided that the purchaser file in said court a good bond in the sum of $2,000, conditioned to pay any sums the court should thereafter direct to be paid to the receiver or his attorneys as compensation, or in favor of any intervener, and that judgment might be rendered on said bond on summary motion. The purchaser filed a bond, so conditioned, with the United States Fidelity & Guaranty Company as surety.

The court awarded compensation of $750 to said Toomer as receiver's counsel, for services rendered the receiver in both the state and federal courts. This decree is attacked on the grounds:

First. That the original final decree was rendered by consent; that it contained no provision for the payment of receiver's counsel fees, and hence none could be ordered paid.

Second. That Toomer was an attorney for the original complainants, and hence not a proper person to be employed by the receiver as counsel.

Third. That no proof of services appears in the record and hence a decree fixing and awarding compensation was improper.

[1] 1. We disagree with appellant that the final consent decree made no provision for the fixing and payment of compensation for receiver's counsel. The original order appointing the receiver authorized him to employ counsel. There is nothing in this record to suggest that the employment of this counsel by the receiver was not known to the court at all times. The compensation of receiver's counsel is one of the expenses of administration, and the consent decree expressly reserved the jurisdiction of the court to "ascertain, fix, and order payment of the costs of administration." There is nothing in the decree which excluded the receiver's counsel fees from such ascertainment, fixing, and payment.

[2] 2. The record does not disclose any conflict of interest between parties to this cause which would present a legal reason why a judge should refuse to permit attorneys for a party to act as attorneys for the receiver. Conceding the rule that generally such dual representation

should not be allowed, without permission of the court, there is no rule that under no circumstances should an attorney for a party act as attorney for the receiver. In some cases an attorney for one of the parties can give the most efficient service to a receiver without any conflict of duty. Shainwald v. Lewis (D. C.) 8 Fed. 878.

[3] This record does not show but that the employment of these attorneys by the receiver was actually known by the court. Where the court could have authorized this employment, he could approve such employment, made under a general authority, and the order of the court awarding compensation is such an approval. Stuart v. Boulware, 133 U. S. 78, 81, 10 Sup. Ct. 242, 33 L. Ed. 568.

[4] 3. The record does not show but that the court was fully advised as to the services rendered by receiver's counsel and of their value. The introduction of evidence was not essential to a decree fixing such compensation. 34 Cyc. 466.

The record discloses no error in the decree, and it is affirmed.